IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

UNITED STATES OF AMERICA                                                                PLAINTIFF

v.                                  Case No. 6:22-cr-60006

MICHAEL L. GAGLIARDI                                                                    DEFENDANT

## ORDER

Before the Court is a Report and Recommendation ("R&R") issued by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. ECF No. 53. Defendant has filed a timely objection. ECF No. 54. The Court finds the matter ripe for consideration.

### I. BACKGROUND

On March 2, 2022, Defendant was indicted on one count of knowingly and intentionally possessing a Schedule II controlled substance with intent to distribute, in violation of 18 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(viii). ECF No. 1. On October 5, 2022, Defendant pled guilty to the lone count in the Indictment. ECF No. 21. On October 25, 2023, the Court sentenced Defendant to 110 months imprisonment with credit for time served in federal custody, 5 years supervised release, and a $100.00 special assessment. ECF No. 38.

On October 31, 2024, Defendant filed his initial pro se Motion to Reduce Sentence. ECF No. 40. The Court then appointed the Federal Public Defender to represent Defendant regarding his request to reduce his sentence. ECF No. 42. On January 31, 2025, Defendant filed his Supplemental Motion to Reduce Sentence. ECF No. 44. Defendant seeks a reduction of his sentence pursuant to the First Step Act and 18 U.S.C. § 3582(c)(1)(A), arguing that his release is justified because he needs to care for his incapacitated mother. The Government responded in

opposition, arguing that Defendant has failed to show that the circumstances justify release and that Defendant's history should foreclose any consideration of early release. ECF No. 47. Defendant replied, arguing that he has made a sufficient showing to grant his request. ECF No. 49.

On February 2, 2025, Judge Bryant issued the instant R&R. ECF No. 53. Judge Bryant recommends that Defendant's motions for release be denied because he failed to show that the circumstances were "extraordinary and compelling" and because the relevant sentencing considerations in 18 U.S.C. § 3553(a) did not support release. Plaintiff filed a timely objection to the R&R. ECF No. 54. The objection is sufficiently specific to require a de novo review of the R&R. *See Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994) (noting that a specific objection is necessary to require a *de novo* review of a magistrate's recommendation instead of a review for plain error); *and see* 28 U.S.C. § 636(b)(1).

## II. DISCUSSION

A defendant may request and be granted a reduction in their sentence if the Court finds: (1) that the requested sentence reduction is warranted due to "extraordinary and compelling reasons;" (2) that the sentencing factors set forth in 18 U.S.C. § 3553(a) support a reduction "to the extent that they are applicable;" and (3) that a reduction would be consistent with any applicable policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A). Before such a motion may be considered on the merits, a defendant must show that they have exhausted all available administrative remedies. *See id*. Here, the Government concedes that Defendant has exhausted his administrative remedies and that his motion may be considered on the merits. ECF No. 47, p. 4-5. Judge Bryant's R&R addressed Defendant's motions on the merits, and the Court will do so as well.

**A. Considerations under § 3553(a) and § 3142(g)**

In a motion for release unfer § 3582, courts must determine if the sentencing factors under 18 U.S.C. § 3553(a) support an inmate's release. 18 U.S.C. § 3582(c)(1)(A). That statute provides:

> (a) Factors To Be Considered in Imposing a Sentence. — The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—
>
>> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>>
>> (2) the need for the sentence imposed—
>>
>>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>>>
>>> (B) to afford adequate deterrence to criminal conduct;
>>>
>>> (C) to protect the public from further crimes of the defendant; and
>>>
>>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>>
>> (3) the kinds of sentences available;
>>
>> (4) the kinds of sentence and the sentencing range established for—
>>
>>> (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines [issued by the Sentencing Commission];
>>
>> (5) any pertinent policy statement [issued by the Sentencing Commission];
>>
>> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>>
>> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). Further, the requirement under 18 U.S.C. § 3582(c)(1)(A) that any reduction be consistent with any applicable policy statements issued by the Sentencing Commission necessitates an evaluation of the 18 U.S.C. § 3142(g) safety factors. *See* USSG § 1B1.13(a)(2). The factors for consideration under § 3142(g) are:

>(g) Factors to be considered.-The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning-
>
>>(1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>>
>>(2) the weight of the evidence against the person;
>>
>>(3) the history and characteristics of the person, including—
>>
>>>(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>>>
>>>(B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>>
>>(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. In considering the conditions of release described in subsection (c)(1)(B)(xi) or (c)(1)(B)(xii) of this section, the judicial officer may upon his own motion, or shall upon the motion of the Government, conduct an inquiry into the source of the property to be designated for potential forfeiture or offered as collateral to secure a bond, and shall decline to accept the designation, or the use as collateral, of property that, because of its source, will not reasonably assure the appearance of the person as required.

18 U.S.C. § 3142(g).

Defendant argues that the sentencing considerations under § 3553(a) do not weigh against granting his release. ECF No. 44, p. 7-8. Defendant cites his advanced age, good conduct during confinement, and anticipated employment upon release as indicating that he will be productive and law abiding and that his release would not undermine the purposes of his sentence. Defendant also asserts that the time necessary to take care of his ailing mother also indicates that he is at a low risk for recidivism. In response, the Government argues that Defendant's lengthy and varied

criminal history undercuts any suggestion that early release comports with the § 3553(a) factors. ECF No. 47, p. 7-8.  The Government also emphasizes that Defendant committed the offense for which he is now incarcerated while serving lifetime parole for another offense.  Defendant replied, reiterating that his conduct during confinement supports finding that he is rehabilitated and that his age significantly reduces the likelihood of further offenses.  ECF No. 49, p. 3-4.

Judge Bryant determines that the § 3553(a) factors do not support Defendant's request to reduce his sentence to time served.  ECF No. 53, p. 8-9.  Key to Judge Bryant's conclusion is Defendant's criminal history and the fact that Defendant committed his current offense while on parole for a prior offense.  Defendant's objection repeats his prior arguments regarding his rehabilitation, age, and good conduct during confinement.  ECF No. 54, p. 3-4.

The Court agrees with Judge Bryant's conclusion.  The overlapping considerations within §§ 3142(g) and 3553(a) weigh against granting Defendant's request to reduce his sentence. Defendant's lengthy criminal history—which includes theft, armed robbery, and drug offenses—directly invokes the considerations noted in § 3553(a)(1) and § 3142(g)(3)(A).  ECF No. 35, ¶¶ 33-47.  Further, Defendant was on lifetime parole when he committed the offense for which he is currently confined, which is the exact circumstance contemplated in § 3142(g)(3)(B).  ECF No. 35, ¶ 49.  Notably, that lifetime parole was the result of Defendant being released from what was previously a life sentence without the possibility of parole.  *Id*.  Defendant's refusal to refrain from additional offenses after being granted such an opportunity forecloses any presumption that the deterrence and public protection considerations of §§ 3553(a)(2)(C), 3553(a)(2)(D), and 3142(g)(4) support Defendant's request for early release.  Accordingly, the Court will adopt this aspect of Judge Bryant's R&R.  Defendant's motion must be denied under the required analysis of § 3553(a) and § 3142(g).  *See* 18 U.S.C. § 3582(c)(1)(A); USSG § 1B1.13(a)(2).

### B. Extraordinary and Compelling Circumstances

Defendant argues that his mother's debilitating health conditions and lack of any available family caregiver creates circumstances justifying release under USSG § 1B1.13(b)(3)(C). ECF No. 44, p. 4-7. The Government argues that Defendant failed to show that he was the only available caregiver for his mother. ECF No. 47, p. 5-7. Judge Bryant agrees with the Government, determining that Defendant has failed to show that his mother is incapacitated to such a degree that she requires a caregiver and has failed to show that he is the only available potential caregiver. ECF No. 53, p. 6-8. Defendant's objection reiterates his argument that there is no other family member that could realistically provide care to his mother. ECF No. 54, p. 2-4.

The Court finds it unnecessary to evaluate this aspect of the R&R. Regardless of the Court's conclusion as to this aspect of Judge Bryant's analysis, Defendant's motion would still be denied in light of the Court's evaluation of the § 3553(a) and § 3142(g) considerations. Therefore, the Court will only adopt Judge Bryant's R&R in part, with the ultimate outcome of denial of Defendant's request being inevitable.

### III. CONCLUSION

Upon review, the Court hereby adopts Judge Bryant's R&R (ECF No. 53) in part. Accordingly, Defendant's Motions to Reduce Sentence (ECF Nos. 40, 44) are hereby **DENIED**.

**IT IS SO ORDERED**, this 5th day of May, 2025.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge